UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

 -against-

ERIC J. ARONSON; VINCENT J. BUONAURO, JR.;
ROBERT S. KONDRATICK; FREDRIC H. AARON;
PERMAPAVE INDUSTRIES, LLC; PERMAPAVE
USA CORP.; PERMAPAVE DISTRIBUTIONS, INC.;
VERIGREEN, LLC; and
INTERLINK-US-NETWORK, LTD.,

        Defendants,

        and

CAROLINE ARONSON; DEBORAH BUONAURO;
DASH DEVELOPMENT, LLC; ARON HOLDINGS,
INC.; PERMAPAVE CONSTRUCTION CORP.;
DYMONCRETE INDUSTRIES, LLC; DYMON
ROCK LI, LLC; and LUMI-COAT, INC.,

        Relief Defendants.
------------------------------------------------------------------x

11 Civ. 7033 (JSR)

ECF CASE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/17/12

## [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT ROBERT KONDRATICK

The Securities and Exchange Commission having filed a Complaint and Defendant Robert Kondratick ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, controlling any person who violates Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20 and 13a-11 thereunder, 17 C.F.R. §§ 240.12b-20 and 240.13a-11, by:

(a) in addition to the information expressly required to be included in a statement or report, failing to add such further material information, if any, as may be necessary to make the required statements, in the light of the circumstances under which they are made not misleading; or

(b) failing to file a current report on Form 8-K within the period specified in that form, unless substantially the same information as that required by Form 8-K has been previously reported by the registrant;

unless Defendant acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20 and 13a-11 thereunder, 17 C.F.R. §§ 240.12b-20 and 240.13a-11, by knowingly or recklessly providing substantial assistance to a person that:

(a)  in addition to the information expressly required to be included in a statement or report, fails to add such further material information, if any, as may be necessary to make the required statements, in the light of the circumstances under which they are made not misleading; or

(b)  fails to file a current report on Form 8-K within the period specified in that form, unless substantially the same information as that required by Form 8-K has been previously reported by the registrant.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), and Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Defendant is permanently prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15

U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 20(g) of the Securities Act, 15 U.S.C.A. § 77t(g), and Section 21(d)(6) of the Exchange Act, 15 U.S.C. § 78u(d)(6), Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. § 240.3a51-1.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $294,558, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $15,016, for a total of $309,574. Based on Defendant's sworn representations in his Statement of Financial Condition, dated June 7, 2012, and other documents and information submitted to the Commission, however, the Court is not ordering Defendant to pay a civil penalty, and payment of all but $40,000 of the disgorgement amount and pre-judgment interest thereon is waived.

Defendant shall satisfy this obligation by paying $40,000 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>    Enterprise Services Center
>    Accounts Receivable Branch
>    6500 South MacArthur Boulevard
>    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Robert Kondratick as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action, Celeste Chase, Esq., U.S. Securities and Exchange Commission, 3 World Financial Center, New York, New York 10281. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by

law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The determination not to impose a civil penalty and to waive payment of all but $40,000 of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent, which is attached hereto as Exhibit A, or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the

maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense. Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: October 17, 2012
New York, New York

*Based on the additional information supplied by the parties' counsel, this judgment is approved.*

_____
HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION, :
:
                Plaintiff, :
  -against- :
:
ERIC J. ARONSON; VINCENT J. BUONAURO, JR.; :
ROBERT S. KONDRATICK; FREDRIC H. AARON; :
PERMAPAVE INDUSTRIES, LLC; PERMAPAVE :   11 Civ. 7033 (JSR)
USA CORP.; PERMAPAVE DISTRIBUTIONS, INC.; :
VERIGREEN, LLC; and :   ECF CASE
INTERLINK-US-NETWORK, LTD., :
:
                Defendants, :
:
                and :
:
CAROLINE ARONSON; DEBORAH BUONAURO; :
DASH DEVELOPMENT, LLC; ARON HOLDINGS, :
INC.; PERMAPAVE CONSTRUCTION CORP.; :
DYMONCRETE INDUSTRIES, LLC; DYMON :
ROCK LI, LLC; and LUMI-COAT, INC., :
:
                Relief Defendants. :
------------------------------------------------------------x

## CONSENT OF DEFENDANT ROBERT KONDRATICK TO JUDGMENT

    1.    Defendant Robert Kondratick ("Defendant") waives service of a summons and acknowledges having been served with the complaint in this action, has entered a general appearance pro se, and has admitted the Court's jurisdiction over him and over the subject matter of this action.

    2.    Defendant hereby consents to the entry of the proposed Final Judgment as to Defendant Robert Kondratick ("Final Judgment") and incorporated by reference herein, which, among other things:

(a) permanently restrains and enjoins Defendant from violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5;

(b) permanently restrains and enjoins Defendant from violation of Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a);

(c) permanently restrains and enjoins Defendant from controlling any person who violates Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20 and 13a-11 thereunder, 17 C.F.R. §§ 240.12b-20 and 240.13a-11;

(d) permanently restrains and enjoins Defendant from aiding and abetting any person who violates Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20 and 13a-11 thereunder, 17 C.F.R. §§ 240.12b-20 and 240.13a-11;

(e) permanently bars Defendant from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d);

(f) permanently bars Defendant from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock; and

(g) orders Defendant to pay disgorgement in the amount of $294,558, plus prejudgment interest thereon in the amount of $15,016.

2

3. Defendant acknowledges that the Court is not imposing a civil penalty or requiring payment of $269,574 of disgorgement and pre-judgment interest based on Defendant's sworn representations in Defendant's Statement of Financial Condition, dated June 7, 2012, and other documents and information submitted to the Commission. Defendant further consents that if at any time following the entry of the Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning Defendant's assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In any such petition, the Commission may move the Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of the Court's Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of this Consent or the Final Judgment; (2) contest the allegations in the complaint; (3) assert that payment of disgorgement, pre-judgment or post-judgment interest, or a civil penalty should not be ordered; (4) contest the amount of disgorgement or pre-judgment or post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy,

3

including, but not limited to, any statute of limitations defense.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding, including all claims concerning the gains attributed to Defendant in determining the disgorgement amount. Defendant acknowledges that

4

no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission

5

may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant agrees that the Commission may present the proposed Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 10/16/12

_____
Robert Kondratick

On October 16, 2012, Robert Kondratick, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: 03 01 2014

FRANK P SANTRY
Notary Public, State of New York
No. 01SA6218173
Qualified in Nassau County
Commission Expires 03 / 01 / 2014

6

Approved as to form:

_____
Nicholas De Feis
De Feis O'Connell & Rose, P.C.
500 Fifth Avenue, 26th Floor
New York, New York 10110
(212) 768-1000
*Counsel for Robert Kondratick in <u>U.S. v. Kondratick</u>, No. 11-mj-989-RML-3*

7