UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,   :
:
                    Plaintiff,   :
    -against-   :
:
ERIC J. ARONSON; VINCENT J. BUONAURO, JR.;   :
ROBERT S. KONDRATICK; FREDRIC H. AARON;   :
PERMAPAVE INDUSTRIES, LLC; PERMAPAVE   :    11 Civ. 7033 (JSR)
USA CORP.; PERMAPAVE DISTRIBUTIONS, INC.;   :
VERIGREEN, LLC; and   :    ECF CASE
INTERLINK-US-NETWORK, LTD.,   :
:
                    Defendants,   :
:
                    and   :
:
CAROLINE ARONSON; DEBORAH BUONAURO;   :
DASH DEVELOPMENT, LLC; ARON HOLDINGS,   :
INC.; PERMAPAVE CONSTRUCTION CORP.;   :
DYMONCRETE INDUSTRIES, LLC; DYMON   :
ROCK LI, LLC; and LUMI-COAT, INC.,   :
:
                  Relief Defendants.   :
------------------------------------------------------------------------x



## [PROPOSED] JUDGMENT AS TO DEFENDANT VINCENT BUONAURO

The Securities and Exchange Commission ("Commission") having filed a Complaint against Defendant Vincent Buonauro ("Defendant") and others, and Defendant having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all other persons in active concert or

participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

        made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 5 of the Securities Act, 15 U.S.C. § 77e, by:

(a)     Unless a registration statement is in effect as to a security or an exemption from registration applies, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security or an exemption from registration applies, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     In the absence of an applicable exemption, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject

of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act, 15 U.S.C. § 78(0)(a), when neither registered with the Commission as a broker nor properly licensed as an associated person of a registered broker or dealer, making use of the mails or means and instrumentalities of interstate commerce to effect transactions in securities or to induce or attempt to induce the purchase or sale of securities.

V.

Within three business days of the acquittal of Defendant or the entry of a judgment of conviction against Defendant pursuant to Rule 32(k) of the Federal Rules of Criminal Procedure in the parallel criminal action, U.S. v. Aronson et al., No. 12 Crim. 245 (E.D.N.Y.), Defendant shall notify this Court of the determination and shall submit a copy of the docket entry or entries reflecting the determination.  One month after the court in U.S. v. Aronson acquits or enters a judgment of conviction against Defendant, Defendant and the Commission shall jointly propose a briefing schedule to determine by motion monetary relief in this action.  Upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and, if so, the

amount(s) of the disgorgement and/or civil penalty. If disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from October 29, 2009, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent, which is attached hereto as Exhibit A, or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties. Nothing herein shall prevent Defendant from challenging the Commission's motion for disgorgement and/or civil penalties to the extent that the Commission seeks a disgorgement and/or civil penalty amount that, in effect, causes Defendant to be responsible to pay disgorgement and/or fines that are duplicative of those assessed against him in the parallel criminal action.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

# VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

_____
HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

Dated: December 23, 2013
New York, New York

# VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

_____
HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

Dated: December 23, 2013
New York, New York

# VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

_____
HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

Dated: December 23, 2013
New York, New York

# VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

_____
HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

Dated: December 23, 2013
New York, New York

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,           :
                                              :
                        Plaintiff,            :
        -against-                             :
                                              :
ERIC J. ARONSON; VINCENT J. BUONAURO, JR.;    :
ROBERT S. KONDRATICK; FREDRIC H. AARON;       :
PERMAPAVE INDUSTRIES, LLC; PERMAPAVE          :   11 Civ. 7033 (JSR)
USA CORP.; PERMAPAVE DISTRIBUTIONS, INC.;     :
VERIGREEN, LLC; and                           :   ECF CASE
INTERLINK-US-NETWORK, LTD.,                   :
                                              :
                        Defendants,           :
                                              :
            and                               :
                                              :
CAROLINE ARONSON; DEBORAH BUONAURO;           :
DASH DEVELOPMENT, LLC; ARON HOLDINGS,         :
INC.; PERMAPAVE CONSTRUCTION CORP.;           :
DYMONCRETE INDUSTRIES, LLC; DYMON             :
ROCK LI, LLC; and LUMI-COAT, INC.,            :
                                              :
                        Relief Defendants.    :
------------------------------------------------------------------x

## CONSENT OF DEFENDANT VINCENT BUONAURO TO JUDGMENT

1.  Defendant Vincent Buonauro ("Defendant") has waived service of a summons and has acknowledged having been served with the Complaint in this action, has entered a general appearance, and has admitted the Court's jurisdiction over him and over the subject matter of this action.

2.  Defendant hereby consents to the entry of the proposed Judgment as to Defendant Vincent Buonauro ("Judgment") and incorporated by reference herein, which, among other things:

    (a)    permanently restrains and enjoins Defendant from violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5;

    (b)    permanently restrains and enjoins Defendant from violations of Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a);

    (c)    permanently restrains and enjoins Defendant from violations of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c); and

    (d)    permanently restrains and enjoins Defendant from violations of Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a).

3.    Within three business days of the acquittal of Defendant or the entry of a judgment of conviction against Defendant pursuant to Rule 32(k) of the Federal Rules of Criminal Procedure in the parallel criminal action, U.S. v. Aronson et al., No. 12 Crim. 245 (E.D.N.Y.), Defendant agrees that he shall notify this Court of the determination and shall submit a copy of the docket entry or entries reflecting the determination. One month after the court in U.S. v. Aronson acquits or enters a judgment of conviction against Defendant, Defendant and the Commission agree that they shall jointly propose a briefing schedule to determine by motion monetary relief in this action. Defendant agrees that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and, if so, the amount(s) of the disgorgement and/or civil penalty. Defendant further understands that, if disgorgement is ordered, he shall pay prejudgment interest thereon, calculated from October 29,

2

2009, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendant further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties. Nothing herein shall prevent Defendant from challenging the Commission's motion for disgorgement and/or civil penalties to the extent that the Commission seeks a disgorgement and/or civil penalty amount that, in effect, causes Defendant to be responsible to pay disgorgement and/or fines that are duplicative of those assessed against him in the parallel criminal action.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

6. Defendant enters into this consent voluntarily and represents that no threats,

offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

10. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory

4

organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

11. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (a) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (b) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. Nothing in this paragraph affects Defendant's testimonial obligations or right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes,

5

Defendant agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement as to injunctive relief. Defendant agrees that the Commission may present the proposed Judgment to the Court for signature and entry without further notice.

Dated: 11/26/13

Vincent Buonauro

On November 26, 2013, Vincent Buonauro, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public
Commission expires: 2/19/2016
No. 02GO6182158
Qualified in N.Y. County

Approved as to form:

Marc Gottlieb, Esq.
Sanders Ortoli Vaughn-Flam Rosenstadt LLP
501 Madison Avenue, 14th Floor
New York, New York 10022
(212) 829-8943

*Attorney for Defendant Vincent Buonauro*

6