UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,

               Plaintiff,

    -against-

ERIC J. ARONSON; VINCENT J. BUONAURO, JR.;
ROBERT S. KONDRATICK; FREDRIC H. AARON;
PERMAPAVE INDUSTRIES, LLC; PERMAPAVE
USA CORP.; PERMAPAVE DISTRIBUTIONS, INC.;
VERIGREEN, LLC; and
INTERLINK-US-NETWORK, LTD.,

               Defendants,

               and

CAROLINE ARONSON; DEBORAH BUONAURO;
DASH DEVELOPMENT, LLC; ARON HOLDINGS,
INC.; PERMAPAVE CONSTRUCTION CORP.;
DYMONCRETE INDUSTRIES, LLC; DYMON
ROCK LI, LLC; and LUMI-COAT, INC.,

               Relief Defendants.

-----------------------------------------------------------------x

:
:
:
:
:
:     11 Civ. 7033 (JSR)
:
:
:
:
:
:
:
:
:
:
:
:
:
:



[PROPOSED] JUDGMENT AS TO DEFENDANT FREDRIC H. AARON

    The Securities and Exchange Commission ("Commission") having filed a Complaint and

Defendant Fredric Aaron ("Defendant") having entered a general appearance; consented to the

Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of

this Judgment; waived findings of fact and conclusions of law; and waived any right to appeal

from this Judgment:

I.

    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20 and 13a-11 thereunder, 17 C.F.R. §§ 240.12b-20 and 240.13a-11, by knowingly or recklessly providing substantial assistance to an issuer that fails to file with the Commission any report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and the rules and regulations promulgated thereunder, or that:

(a)     in addition to the information expressly required to be stated in such a report, fails
        to add such further material information, if any, as may be necessary to make the
        required statements, in the light of the circumstances under which they are made
        not misleading; or

(b)     fails to file a current report on Form 8-K within the period specified in that form,
        unless substantially the same information as that required by Form 8-K has been
        previously reported by the registrant.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section
21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Defendant is prohibited, for five years
following the date of entry of this Judgment, from acting as an officer or director of any issuer
that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C.
§ 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C.
§ 78o(d).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
is barred, for five years following the date of entry of this Judgment, from participating in an
offering of penny stock, including engaging in activities with a broker, dealer, or issuer for
purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any
penny stock.  A penny stock is any equity security that has a price of less than five dollars,
except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. § 240.3a51-1.

V.

Within three business days of the acquittal of Defendant or the entry of a judgment of conviction against Defendant pursuant to Rule 32(k) of the Federal Rules of Criminal Procedure in the parallel criminal action, U.S. v. Aronson et al., No. 12 Crim. 245 (E.D.N.Y.), Defendant shall notify this Court of the determination and shall submit a copy of the docket entry or entries reflecting the determination.  One month after the court in U.S. v. Aronson acquits or enters a judgment of conviction against Defendant, Defendant and the Commission shall jointly propose a briefing schedule to determine by motion monetary relief in this action.  Upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and, if so, the amount(s) of the disgorgement and/or civil penalty.  If disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from December 1, 2010, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion:  (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent, which is attached hereto as Exhibit A, or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil

4

penalties, the parties may take discovery, including discovery from appropriate non-parties. Nothing herein shall prevent Defendant from challenging the Commission's motion for disgorgement and/or civil penalties to the extent that the Commission seeks a disgorgement and/or civil penalty amount that, in effect, causes Defendant to be responsible to pay disgorgement and/or fines that are duplicative of those assessed against him in the parallel criminal action.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: November 23, 2013
New York, New York

HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

5

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,                              :
                                                                :
                       Plaintiff,                              :
          -against-                                            :
                                                                :
ERIC J. ARONSON; VINCENT J. BUONAURO, JR.;                      :
ROBERT S. KONDRATICK; FREDRIC H. AARON;                         :
PERMAPAVE INDUSTRIES, LLC; PERMAPAVE                            :      11 Civ. 7033 (JSR)
USA CORP.; PERMAPAVE DISTRIBUTIONS, INC.;                       :
VERIGREEN, LLC; and                                             :
INTERLINK-US-NETWORK, LTD.,                                     :
                                                                :
                     Defendants,                            :
                                                                :
                     and                                    :
                                                                :
CAROLINE ARONSON; DEBORAH BUONAURO;                            :
DASH DEVELOPMENT, LLC; ARON HOLDINGS,                          :
INC.; PERMAPAVE CONSTRUCTION CORP.;                            :
DYMONCRETE INDUSTRIES, LLC; DYMON                              :
ROCK LI, LLC; and LUMI-COAT, INC.,                             :
                                                                :
                   Relief Defendants.                     :
------------------------------------------------------------------------x

## CONSENT OF DEFENDANT FREDRIC H. AARON

        1.     Defendant Fredric Aaron ("Defendant") waives service of a summons and

acknowledges having been served with the complaint in this action, enters a general appearance,

and admits the Court's jurisdiction over Defendant and the subject matter of this action.

        2.     Defendant hereby consents to the entry of the Judgment in the form attached

hereto (the "Judgment") and incorporated by reference herein, which, among other things:

(a)     permanently restrains and enjoins Defendant from violation of Section 10(b)

of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C.

§ 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; and

(b)     permanently restrains and enjoins Defendant from aiding and abetting any

person who violates Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a),

and Rules 12b-20 and 13a-11 thereunder, 17 C.F.R. §§ 240.12b-20 and

240.13a-11;

(c)     prohibits Defendant, for five years following the date of entry of the

Judgment, from acting as an officer or director of any issuer that has a class of

securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C.

§ 78l, or that is required to file reports pursuant to Section 15(d) of the

Exchange Act, 15 U.S.C. § 78o(d).

(d)     bars Defendant, for five years following the date of entry of the Judgment,

from participating in an offering of penny stock, including engaging in

activities with a broker, dealer, or issuer for purposes of issuing, trading, or

inducing or attempting to induce the purchase or sale of any penny stock.

3.     Within three business days of the acquittal of Defendant or the entry of a

judgment of conviction against Defendant pursuant to Rule 32(k) of the Federal Rules of

Criminal Procedure in the parallel criminal action, U.S. v. Aronson et al., No. 12 Crim. 245

(E.D.N.Y.), Defendant agrees that he shall notify this Court of the determination and shall

submit a copy of the docket entry or entries reflecting the determination.  One month after the

court in U.S. v. Aronson acquits or enters a judgment of conviction against Defendant,

Defendant and the Commission agree that they shall jointly propose a briefing schedule to

2

determine by motion monetary relief in this action.  Defendant agrees that, upon motion of the

Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-

gotten gains and/or a civil penalty pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C.

§ 78u(d)(3), and, if so, the amount(s) of the disgorgement and/or civil penalty.  The Defendant

further understands that, if disgorgement is ordered, Defendant shall pay prejudgment interest

thereon, calculated from December 1, 2010, based on the rate of interest used by the Internal

Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C.

§ 6621(a)(2).  Defendant further agrees that in connection with the Commission's motion for

disgorgement and/or civil penalties, and at any hearing held on such a motion:  (a) Defendant

will be precluded from arguing that he did not violate the federal securities laws as alleged in the

Complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c)

solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and

deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the

basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and

documentary evidence, without regard to the standards for summary judgment contained in Rule

56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for

disgorgement and/or civil penalties, the parties may take discovery, including discovery from

appropriate non-parties.  Nothing herein shall prevent Defendant from challenging the

Commission's motion for disgorgement and/or civil penalties to the extent that the Commission

seeks a disgorgement and/or civil penalty amount that, in effect, causes Defendant to be

responsible to pay disgorgement and/or fines that are duplicative of those assessed against him in

the parallel criminal action

3

4.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

6.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

8.      Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

10.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.

4

Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations."  As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant:  (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers

5

filed in this action to the extent that they deny any allegation in the complaint.  If Defendant

breaches this agreement, the Commission may petition the Court to vacate the Judgment and

restore this action to its active docket.  Nothing in this paragraph affects Defendant's:  (i)

testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal

proceedings in which the Commission is not a party.

       12.      Defendant hereby waives any rights under the Equal Access to Justice Act, the

Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

seek from the United States, or any agency, or any official of the United States acting in his or

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

expenses, or costs expended by Defendant to defend against this action.  For these purposes,

Defendant agrees that Defendant is not the prevailing party in this action since the parties have

reached a good faith settlement.

       13.      Defendant agrees that the Commission may present the Judgment to the Court for

signature and entry without further notice.

       14.      Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Judgment.


Dated:_____          _____

                                    Fredric Aaron


      On _____, 2013, _____, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.


                                  _____
                                    Notary Public
                                    Commission expires:

filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's or testimonial obligations; or the right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.     Defendant agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

14.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated:_____  _____

_____
Credite Suren

On _____, 2013, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

Approved as to form:

_11/26/13_

Elkan Abramowitz, Esq.
Robert Radick, Esq.
Morvillo Abramowitz Grand Iason & Anello P.C.
565 Fifth Avenue
New York, New York 10017
(212) 856-9600

*Attorneys for Defendant*

7