**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,    :

                Plaintiff,    :

    -against-    :

ERIC J. ARONSON; VINCENT J. BUONAURO, JR.;    :
ROBERT S. KONDRATICK; FREDRIC H. AARON;    :
PERMAPAVE INDUSTRIES, LLC; PERMAPAVE    :    11 Civ. 7033 (JSR)
USA CORP.; PERMAPAVE DISTRIBUTIONS, INC.;    :
VERIGREEN, LLC; and    :
INTERLINK-US-NETWORK, LTD.,    :

              Defendants,    :

              and    :

CAROLINE ARONSON; DEBORAH BUONAURO;    :
DASH DEVELOPMENT, LLC; ARON HOLDINGS,    :
INC.; PERMAPAVE CONSTRUCTION CORP.;    :
DYMONCRETE INDUSTRIES, LLC; DYMON    :
ROCK LI, LLC; and LUMI-COAT, INC.,    :

              Relief Defendants.    :
------------------------------------------------------------------------x

*(stamp, partially illegible:)*
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/1/15

### [PROPOSED] FINAL JUDGMENT AS TO DEFENDANTS ERIC ARONSON, FREDRIC AARON, AND VINCENT BUONAURO AND RELIEF DEFENDANT DEBORAH BUONAURO

The Securities and Exchange Commission ("SEC") having filed a Complaint and

Defendants Eric Aronson, Fredric Aaron, and Vincent Buonauro, and Relief Defendant Deborah

Buonauro each having entered a general appearance; and the Court on August 24, 2015 having

ruled on the SEC's motion for monetary relief against each of these parties, *see* ECF Dkt. No.

174, and for the reasons contained in that ruling:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Eric

Aronson is liable for disgorgement of $15,825,368 together with prejudgment interest thereon in

the amount of $2,458,901 and a civil penalty in the amount of $1,385,816 pursuant to 15 U.S.C. §§ 77t(d)(2)(C) and 78u(d)(3)(B)(iii). The disgorgement amount of $15,825,368 consists of the following: (a) $1,385,816 in profits gained as a result of the conduct alleged in the Complaint; (b) $2,444,730 in profits gained as a result of the conduct alleged in the Complaint on a joint and several basis with Defendants PermaPave Industries, LLC, PermaPave USA Corp., PermaPave Distributions, Inc., and Verigreen, LLC, *see* Final Judgment, Jan. 19, 2012, ECF No. 57 ("PermaPave Entities Final Judgment"), and $1,053,175 of which Defendant Fredric Aaron is jointly and severally liable and $1,665,017 of which Defendant Vincent Buonauro is jointly and severally liable; and (c) $15,825,368 in profits gained as a result of the conduct alleged in the Complaint, representing the consideration paid for securities without an effective registration statement less any income received by the purchasers thereon, which shall be imposed concurrently with the disgorgement amounts set forth in items (a) and (b) of this paragraph, on a joint and several basis with Defendants PermaPave Industries, LLC, PermaPave USA Corp., PermaPave Distributions, Inc., and Verigreen, LLC, *see* PermaPave Entities Final Judgment, and $10,926,181 of which Defendant Vincent Buonauro is jointly and severally liable. Defendant Eric Aronson shall satisfy this obligation by paying $19,670,085 to the Securities and Exchange Commission within 30 days of the entry of the Judgment of Conviction against him in the parallel criminal case, *U.S. v. Aronson, et al.*, 12 Cr. 245 (E.D.N.Y.), or three years from the date of the entry of this Final Judgment, whichever comes first.

Defendant Eric Aronson may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant Eric Aronson may also pay by certified

check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Eric Aronson as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Eric Aronson shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendant Eric Aronson relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Eric Aronson.

The SEC shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the SEC staff determines that the Fund will not be distributed, the SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following the date by which Defendant Eric Aronson's payment is due. Defendant Eric Aronson shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

3

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Fredric Aaron is liable for disgorgement of $1,548,255 together with prejudgment interest thereon in the amount of $274,606 and a civil penalty in the amount of $250,000 pursuant to 15 U.S.C. § 78u(d)(3)(B)(ii).  The disgorgement amount of $1,548,255 consists of the following: (a) $495,080 in profits gained as a result of the conduct alleged in the Complaint; and (b) $1,053,175 in profits gained as a result of the conduct alleged in the Complaint on a joint and several basis with Defendants PermaPave Industries, LLC, PermaPave USA Corp., PermaPave Distributions, Inc., Verigreen, LLC, *see* PermaPave Entities Final Judgment, and Defendant Eric Aronson and $27,000 of which Defendant Vincent Buonauro is jointly and severally liable. Defendant Fredric Aaron shall satisfy this obligation by paying $2,072,861 to the Securities and Exchange Commission within 30 days of the entry of the Judgment of Conviction or Judgment of Acquittal against him in *U.S. v. Aronson*, or three years from the date of the entry of this Final Judgment, whichever comes first.

Defendant Fredric Aaron may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant Fredric Aaron may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

4

this Court; Fredric Aaron as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Fredric Aaron shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendant Fredric Aaron relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Fredric Aaron.

The SEC shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the SEC staff determines that the Fund will not be distributed, the SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following the date by which Defendant Fredric Aaron's payment is due. Defendant Fredric Aaron shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Vincent Buonauro is liable for disgorgement of $10,926,181 together with prejudgment interest thereon in the amount of $1,697,679 and a civil penalty in the amount of $10,000 pursuant to 15 U.S.C. §§ 77t(d)(2)(C) and 78u(d)(3)(B)(iii). The disgorgement amount of $10,926,181 consists of the following: (a) $309,692 in profits gained as a result of the conduct alleged in the Complaint; (b) $1,665,017 in profits gained as a result of the conduct alleged in the Complaint on a joint and several basis with Defendants PermaPave Industries, LLC, PermaPave USA Corp.,

5

PermaPave Distributions, Inc., Verigreen, LLC, *see* PermaPave Entities Final Judgment, and Defendant Eric Aronson and $27,000 of which Defendant Fredric Aaron is jointly and severally liable; and (c) $10,926,181 in profits gained as a result of the conduct alleged in the Complaint, representing the consideration paid for securities without an effective registration statement less any income received by the purchasers thereon, which shall be imposed concurrently with the disgorgement amounts set forth in items (a) and (b) of this paragraph, on a joint and several basis with Defendants PermaPave Industries, LLC, PermaPave USA Corp., PermaPave Distributions, Inc., and Verigreen, LLC, *see* PermaPave Entities Final Judgment, and Defendant Eric Aronson. Defendant Vincent Buonauro shall satisfy this obligation by paying $12,633,860 to the Securities and Exchange Commission within 30 days of the entry of the Judgment of Conviction against him in *U.S. v. Aronson*, or three years from the date of the entry of this Final Judgment, whichever comes first.

Defendant Vincent Buonauro may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant Vincent Buonauro may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Vincent Buonauro as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

6

Defendant Vincent Buonauro shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendant Vincent Buonauro relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Vincent Buonauro.

The SEC shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the SEC staff determines that the Fund will not be distributed, the SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following the date by which Defendant Vincent Buonauro's payment is due. Defendant Vincent Buonauro shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Tenth Claim for Relief in the SEC's Complaint against Relief Defendant Deborah Buonauro, which is the only claim brought against that Relief Defendant, is dismissed with prejudice.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendants Eric Aronson, Fredric Aaron, and Vincent Buonauro, and further, any debt for disgorgement, prejudgment interest, civil

7

penalty or other amounts due by these Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants Eric Aronson, Fredric Aaron, and Vincent Buonauro of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, in the event that an order of forfeiture is entered against any Defendant in the parallel criminal case, that Defendant's disgorgement obligations, including all outstanding pre- and post-judgment interest, will be credited dollar for dollar by the amount of the forfeiture order.  The same crediting shall apply to this Court's imposition of a civil penalty if any monetary fines issue in the parallel criminal case.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____**8 / 28 /** _____, 2015
       New York, New York

                                     _____
                                     HONORABLE JED S. RAKOFF
                                     UNITED STATES DISTRICT JUDGE

8